JUSTICE HUNT,
dissenting:
I dissent. This Court persists in playing fast and loose with the rules of evidence, and in so doing, strips the criminally accused of the few but essential protections afforded them by the law and by the rules. The American criminal justice system is premised on the notion that all defendants are innocent until proven guilty of the crime charged. To that end, the federal and state rules of evidence disallow testimony about the defendant’s character or about other behavior unrelated to the crime. Recent decisions by this Court, allowing the state to use evidence of prior “bad” acts, have systematically dismantled this bulwark of justice, which has been erected to prevent government abuse and selective punishment of the unpopular. The decision today that Sadowski’s prior act is admissible under Rule 404(b) moves the Court finally to the absurd result it has been gravitating toward since its decision in State v. Just, 184 Mont. 262, 602 P.2d 957 (1979). Further, this decision not only tampers with the accused’s rights through the rules of evidence — it also weakens protections against self-incrimination by permitting the state to highlight the defendant’s post -Miranda silence. All in all, the decision is a disaster for the people of the state of Montana.
Our criminal justice system is carefully designed to try the accused for the crime for which he or she has been charged, and no other. The rules of evidence reflect this policy by prohibiting evidence of other acts or crimes by the defendant unless those acts are clearly relevant to the crime charged, and are more essential to the prosecution’s case than they are prejudicial to the defendant. We go further and say that if prior conduct is indeed relevant, it must then meet the procedural requirements set out in Just. The Court today has blurred the distinction between the specific relevancy requirement of404(b) and the more mechanical admissibility test set out in Just. By blurring the technical lines, we impair our ability to see the “big picture” of which Rule 404(b) is a crucial part.
Almost three years before Philip Sadowski claimed he took another man’s life in self-defense, he was distraught over a pending marital separation. In his distress, he contemplated suicide. Perhaps because he did not have other means at his disposal, Sadowski chose a gun with which to threaten the suicide. He phoned the local authorities to tell them about his trauma. The police arrived, and Sadowski *81 talked to one officer for almost three hours. According to the officer’s testimony, when Sadowski’s wife came home, he pointed the gun at the sheriff for about one second. One thousand one. That’s all. Then, out of earshot of the sheriff, he pointed it at his own head once, then gave it to his wife, who gave it to the sheriff. Sadowski was taken into custody for his own protection and was never charged with a crime. Now this Court would have us believe that Sadowski’s traumatic evening in 1986 is relevant to whether or not he used his weapon in self-defense in an after hours party with strangers in 1989. Incredible.
Rule 404(b) permits only evidence of acts probative of the fact in issue, not evidence that displays a person’s propensity to act in a certain way. Character evidence is specifically excluded because of the strong likelihood that the jury will convict on the overall tendencies of the person rather than on evidence of the crime charged. What does Sadowski’s behavior when faced with a divorce tell us about his behavior when faced with an attack? Nothing. Nothing but that in both instances he is capable of picking up a gun. It tells us nothing about whether when Phil Sadowski shot Rob Hare the use of force was justifiable.
The majority cites State v. Johns (1986), 301 Or. 535, 725 P.2d 312, 324, regarding relevancy: “Asimple, unremarkable single instance of prior conduct probably will not qualify, but a complex act requiring several steps, particularly premeditated, may well qualify.” Where in this case is the similarity of complex acts requiring several premeditated steps? The majority states that relevancy based on similarity determines whether an act is sufficient to prove criminal intent as opposed to self defense. But the two incidents in question are so completely different in mental condition of the defendant, surrounding circumstances, act committed, victims, etc., that no reasonable person could say one is instructive of the other.
Next, even if we were to somehow conclude that the August 4,1986, incident was relevant to a self-defense claim, the act would have to meet the Just requirements for admissibility. Briefly, Just states that the prior act must be similar, near in time, tend to establish a common scheme or plan, and be more probative than prejudicial. An act need not satisfy all four elements, but must substantially fulfill the requirements. And Just carries the caveat:
‘We are concerned, nevertheless, with the possibility that the exceptions we have discussed thus far may ‘swallow up’ the general rule... As we have stated: ‘The general rule should be strictly enforced *82 in all cases where applicable, because of the prejudicial effect and injustice of such evidence, and should not be departed from except under conditions which clearly justify such a departure. The exceptions should be carefully limited, and their number and scope not increased.’ Just, 184 Mont. at 271, 602 P.2d at 962.” (Citations omitted.)
The Court today has not only swallowed up the general rule, it has made a feast of that most fundamental principle of our justice system — the presumption of innocence.
The first Just element is similarity of acts. This dissent has discussed the glaring dissimilarities of the two acts in question here. Just, a sexual intercourse without consent case, permitted evidence of other sexual acts of the same kind with the same victim, several times within a three year span. Johns, on which the majority relies, involved two assaults — both during periods of marital discord when the defendant had failed to become a police officer and was financially dependent on his spouse, and both after the defendant had threatened to kill the spouse. It is this consistency of detail that the first Just element contemplates, and that the facts before us sorely lack. Most of the other Just factors are also missing. The 1986 suicide attempt obviously does not establish a common scheme, plan, or motive. And, as explained above, the act is not probative of any fact in issue at all — let alone more probative than prejudicial. Nearness in time is the only Just factor in evidence. Without any other support, the act absolutely should not have been admitted. The general rule has been swallowed whole.
The majority’s reliance on Johns is particularly interesting in light of the fact that Johns sets out six criteria with which to evaluate prior crimes on the issue of intent, and only one of those criteria is satisfied here: the present crime charged requires proof of intent. The other factors, including intent of prior act, similarity of victims, similarity of acts and of physical elements, simply are not in evidence. The majority uses the evidentiary discussion from Johns but does not arrive at the Oregon Court’s inevitable conclusion: that if the acts are sufficiently dissimilar, the earlier one is not probative of the later one.
This result is not surprising when one considers the erosion of the rule as evidenced by this Court’s decisions. We have slowly gotten to the point where today we can say that pointing a gun briefly at an officer during a suicidal episode almost three years ago is probative of whether the defendant shot a potential assailant in self-defense. *83 Why don’t we just come out and say that anything that anybody has ever done wrong is admissible in criminal prosecutions? The decision today nets the same result.
Further, the decision to permit evidence of the defendant’s post-Miranda silence is questionable at best. Implying that post -Miranda silence is evidence of fabrication, regardless of when it was raised or whether or not an objection was made, is tantamount to negating the whole purpose of the Miranda warning and the Sixth Amendment protections of the United States Constitution. The arrestee is supposed to be perfectly free to remain silent after arrest without fear of implication. That is what the law intends and should be what this Court upholds. I would reverse the District Court.
JUSTICE SHEEHY concurs in the foregoing dissent.